UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THERON PRESTON WASHINGTON, | Case No. 17-CV-2525 (JRT/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| NATIONAL BLACK POLICE ASSOCIATION (NBPA), | |
| Defendant. | |

Plaintiff Theron Preston Washington did not pay the filing fee for this action, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Washington qualifies financially for IFP status. That said, an IFP application must be denied, and an action dismissed, where the action is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A action is "frivolous," and therefore subject to dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *accord Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Federal courts cannot summarily dismiss an action commenced by an IFP applicant if the facts alleged in the applicant's complaint are merely "unlikely." *Denton*, 504 U.S. at 33. However, an IFP action can properly be dismissed, *sua sponte*, if the allegations in the complaint are found to be "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id*. (citing *Neitzke*, 490 U.S. at 325, 328).

Washington alleges that the National Black Police Association, in conjunction with NASA, have used the spire atop the Freedom Tower in New York City to "send electrical volts to damage plaintiff's heart and minor child," "to listen to my thoghts [sic]," and to commit other nefarious acts. Compl. at 4 [ECF No. 1]. These allegations simply cannot be regarded as anything but delusional. An action founded entirely on incredible factual allegations cannot be permitted to go forward. This Court therefore recommends that Washington's IFP application be denied and that this action be summarily dismissed pursuant to § 1915(e)(2)(B)(i).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

2. Plaintiff Theron Preston Washington's application to proceed *in forma pauperis* [ECF No. 2] be DENIED.

Dated: July 12, 2017

*s/ David T. Schultz*
David T. Schultz
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).