UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| THERON PRESTON WASHINGTON,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL BLACK POLICE ASSOCIATION (NBPA),<br><br>Defendant. | Civil No. 17-2525 (JRT/DTS)<br><br>**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |

Theron Preston Washington, 1006 Gould Avenue Northeast, Second Floor, Columbia Heights, MN 55421, *pro se* plaintiff.

National Black Police Association (NBPA), defendant.

Theron Washington brought this action against the National Black Police Association (NBPA), alleging that the NBPA is using a NASA space center and the spire on the New York Freedom Tower to send electrical volts to cause injuries to Washington and his child and that the NBPA is using NASA instruments to listen to his thoughts. He alleges that he and his child have suffered hypertension, damage to heart muscles and valves, and pulmonary disorders. He asks the court for ten billion dollars in damages and an injunction to stop NBPA's behavior. Washington filed an application to proceed in forma pauperis, and the Magistrate Judge issued a Report and Recommendation (R&R) recommending that his claim be denied as frivolous. Now before the Court are Plaintiff's Motion for Injunction and Motion to Reopen Case. The Court has not yet ruled on the

underlying R&R; therefore, these motions will be construed as objections. Because the Court will find that Washington's claim is frivolous, it will overrule Washington's objections and adopt the Magistrate Judge's R&R in full.

**BACKGROUND**

In his initial complaint, Washington alleges that the NBPA is utilizing a government facility NASA space center and the spire in the New York Freedom Tower to send electrical volts to cause injuries to Washington and his child and that the NBPA is using NASA apparatus to listen to his thoughts. (Complaint at 4, Docket No. 1, July 5, 2017.) He also alleges that he and his child have suffered hypertension, damage to heart muscles and valves, and pulmonary disorders as a result. (*Id.*) He asks the Court for an injunction and ten billion dollars in damages. (*Id.*)

In his Motion for Injunction, Washington again asks the Court for an injunction and to "combine possible relevant information and facts to further structure the case in order to prove allegations in complaint amid motion for discovery." (Mot. for Inj. at 1, Docket No. 5, July 14, 2017.) In support of his motion, Washington alleges that the United States "is being illuminated by the NASA Space Center [and] Space Satellite, causing cancer and other abnormalities. (*Id*. at 2.) He also alleges that the English Crown is trying to take over this country by a marriage of Prince Henry to a California resident and that the NBPA in England is attached to the NBPA in the United States. (*Id*. at 2-3.)

In his Motion to Reopen, Washington simply asks that his case be reopened as a matter of public safety. (Mot. to Reopen, Docket No. 6, June 14, 2017.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II. WASHINGTON'S OBJECTIONS TO THE R&R

Washington did not formally object to the R&R; however, his Motion for Injunction essentially restates the original claims, adding some supporting statements. His Motion to Reopen merely emphasizes that Washington believes this matter to be important to public safety. Because these motions cannot be ruled upon as styled at this stage, the Court could dismiss them as moot. However, because the Court must review

In his Motion to Reopen, Washington simply asks that his case be reopened as a matter of public safety. (Mot. to Reopen, Docket No. 6, June 14, 2017.)

## DISCUSSION

### I. STANDARD OF REVIEW

After a magistrate judge files an R&R, a party may file "specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* D. Minn. LR 72.2(b)(1). "The objections should specify the portions of the magistrate judge's report and recommendation to which objections are made and provide a basis for those objections." *Mayer v. Walvatne*, No. 07-1958, 2008 WL 4527774, at *2 (D. Minn. Sept. 28, 2008). For dispositive motions, the Court reviews de novo a "properly objected to" portion of an R&R. Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3). "Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to de novo review, but rather are reviewed for clear error." *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015).

### II. WASHINGTON'S OBJECTIONS TO THE R&R

Washington did not formally object to the R&R; however, his Motion for Injunction essentially restates the original claims, adding some supporting statements. His Motion to Reopen merely emphasizes that Washington believes this matter to be important to public safety. Because these motions cannot be ruled upon as styled at this stage, the Court could dismiss them as moot. However, because the Court must review

the R&R, the Court will instead construe the motions as objections to the Magistrate Judge's R&R. Because Washington's objections are not proper and merely repeat prior arguments, the R&R will be reviewed for clear error.

The Magistrate Judge rightfully ruled that Washington qualifies financially for IFP status but that his application must be denied, and his action dismissed, because the action is frivolous. The Court can dismiss an action at any time if the Court determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). A complaint is frivolous where it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While the Court cannot dismiss an IFP action merely because it is "unlikely," it can dismiss an action if the allegations are "clearly baseless," which includes allegations that are "fanciful," "fantastic," "delusional," or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). A determination of frivolity is discretionary. *Id*.

The Court finds that the Magistrate Judge did not err in finding that Washington's allegations fall within the definition of frivolous. Washington's objections do nothing to change the fanciful nature of his allegations. Therefore, the Court will overrule Washington's objections to the R&R, adopt the R&R in full, and summarily dismiss Washington's action pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, Plaintiff's Objections to the R&R [Docket Nos. 5-6] are **OVERRULED in full** and the Magistrate Judge's Report and Recommendation [Docket No. 4] is **ADOPTED in full**.

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Complaint [Docket No. 1] is summarily **DISMISSED with prejudice as frivolous**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 31, 2017                   _____s/John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                               Chief Judge
                                                       United States District Court